**Jayson Muhammad**
Assignee of Petitioning Creditor

5737 10th Avenue
Los Angeles, CA 90047
(310) 925 4041
In Pro Per

FILED
APR 25 2005
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

Central District of California
United States Bankruptcy Court

| | |
|---|---|
| RE<br>　　Debbie Nash<br>　　　　Alleged Debtor | Chapter 7 Involuntary<br>Amended to Chapter 11 (filed 3/22/2005)<br>**CASE No. 05-13571 BR**<br>Ex Parte Application for Reconsideration of "Denying Request to Compel" #21 on docket FOR CAUSE:<br>1. Local Bankruptcy Rule 9021-1(a) uses the word "SHALL"<br>Declaration of Jayson Muhammad, assignee of Petitioning Creditor<br><br>DATE:<br>TIME:　　[No Hearing Requested]<br>DEPT. |

　　TO THE HONORABLE BANKRUPTCY JUDGE AND ALL OTHER INTERESTED PARTIES.

　　Assignee of Petitioning Creditor Jayson Muhammad herein makes this Ex Parte Application for Reconsideration of "Denying Request to Comple" #21 on docket FOR CAUSE:

**1. Local Bankruptcy Rule 9021-1(a) uses the word "SHALL"**

**Date: 4/25/2005**

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Jayson Muhammad, Assignee Petitioning Creditor

5

## Declaration of Jayson Muhammad

I am Jayson Muhammad, declares as follows:

1. I caused these papers to be prepared, filed and service.

2. Based on the information stated above I ask this Court to Reconsider its Order # 21 on the docket. (one of three orders)

3. I have attached copies of statutes that support my application. (see exhibit "AA" copy of Local Bankruptcy Rule 9021-1)

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. This declaration was executed at Los Angeles, California.

Dated: April 25, 2005

_____

**Jayson Muhammad, Assignee of Petitioning Creditor**

## PROOF OF SERVICE

In re  11USC 303 Involuntary
Debbie Nash
CASE Number LA 05-1357BR
13571 BR

STATE OF CALIFORNIA, COUNTY OF Los Angeles

1. I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is as follow:
   6069 South Vermont Ave. L A 90044

2. **xx Regular Mail Service**: On 4/25/2005 I served the foregoing (see below*), on parties in interest at the following address(es) by placing true and correct copies thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at Los Angeles California, addressed as set forth below.

3. **Personal Service:** On (see below**), was made on parties in interest at the address(es) set forth below.    at place listed on attached sheet
   See attached mailing list…..hand delivered
  (see below* Ex Parte Application for Reconsideration of #21 on the Docket ….   Two separate application…

4. Parties in interest and address(es) upon which service was made:
   XX_Names and addresses continued on attached pages

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: April 25, 2005

Typed name                                    signature

## CERTIFICATE OF SERVICE

I certify that this order was mailed to the below named parties on APR 15 2005.

OFFICE OF UNITED STATES TRUSTEE
ERNST & YOUNG PLAZA
725 SOUTH FIGUEROA STREET 26TH FLOOR
LOS ANGELES, CA 90017

DAVIS/WARREN
6230A WILSHIRE BLVD
LOS ANGELES, CA 90048

HERBERT DAVIS, ESQ.
18653 VENTURA BLVD #335
TARZANA, CA 91356

DEBBIE NASH
1948 SHENNANDOAH #3
LOS ANGELES, CA 90034

ROBBIE BROWN
P.O. BOX 19291
LOS ANGELES, CA 90301

ST. JOHN APPRAISAL SERVICE
810 WALNUT AVE
INGLEWOOD, CA 90301

DATE: APR 15 2005

BY: MARIA R. MENDOZA
DEPUTY CLERK

LBR 9021-1

# LOCAL BANKRUPTCY RULE 9021-1

## ORDERS AND JUDGMENTS

(a) **PREPARATION, LODGING, AND SIGNING OF DOCUMENTS**

    (1)     <u>Orders and Judgments</u>. Except for orders incorporated with stipulations as allowed under subparagraph (a)(2) below, all orders or judgments shall be set forth in a separately captioned document complying with Local Bankruptcy Rule 1002-1, which shall include the notice of entry and the proof of service (if required). All proposed orders or judgments shall be accompanied by a proof of service, reflecting notice to the proper parties, except for orders submitted at the hearing.

        (A)     Who Shall Prepare. Unless the court otherwise directs, all orders and judgments shall be prepared by the attorney for the prevailing party.

        (B)     When Due. If not presented at the hearing, such orders and judgments shall be served and lodged with the clerk within 7 court days of the granting thereof. Except as provided for in Local Bankruptcy Rules 9013-1(e) and 7016-1(b)(1), in no case shall an order be lodged prior to the hearing on the underlying matter.

        (C)     Failure to Submit Timely Order or Judgment. If the prevailing party fails to serve and lodge a proposed order or judgment within the allotted time, then any other party present at the hearing may lodge and serve a proposed order. All other parties shall have 7 court days within which to file and serve an objection in compliance with Local Bankruptcy Rule 9021-1(a)(4). If no one submits a proposed order or judgment, the court may prepare and enter such order or judgment as it may deem appropriate, including an order to show cause why the motion or proceeding should not be dismissed without prejudice for failure to prosecute.

        (D)     Copies and Envelopes. Except for orders that are subject to Bankruptcy Noticing Center (BNC) noticing (e.g., an order dismissing the case), the original order or judgment shall be accompanied by copies and stamped, addressed envelopes for all parties entitled to notice of the entry of the order or judgment pursuant to F.R.B.P. 9022, or as the court directs. The party submitting the order shall submit a copy and stamped, self-addressed envelope for the return of a conformed copy.

Exhibit "AA"

LBR 9021-1

 (E) Notice of Entry of Order. Except for orders that are subject to BNC noticing (e.g., an order dismissing the case), proposed orders or judgments requiring notices of entry shall be accompanied by a separate notice of entry in the approved form for this district, to which shall be attached a mailing list of all parties, including the United States trustee, who are required by F.R.B.P. 9022 to be served with the order or judgment. The form of notice shall include the title of the order or judgment, and shall leave appropriate blanks for the clerk's office to insert the date of entry of the order or judgment and the date that the notice of entry and copy of the order or judgment were mailed by the clerk's office.

(2) Order Upon Stipulation. At the end of a stipulation of the parties to the granting of an order and following the signatures of counsel, the parties may provide a simple order in the form of the words, "IT IS SO ORDERED," a space for the date and a signature line for the judge appearing immediately below. A separate order may be submitted in lieu of this form where required by F.R.B.P. 9021.

(3) Service of Document. The attorney who has the duty to prepare any document required by this Local Bankruptcy Rule shall serve a copy on opposing counsel either before or on the same day that the document is lodged with the court and shall file a proof of service with the document. Alternatively, the attorney preparing the document may present it to opposing counsel for approval as to form before the document is lodged, in which case opposing counsel shall immediately approve or disapprove the form of order and return it to counsel who prepared it. Where an order or judgment is tendered at the hearing, the order or judgment may be filed without prior service on the opposition.

(4) Separate Objection. Opposing counsel may, within 7 court days after service of a copy of a document prepared pursuant to this Local Bankruptcy Rule, file and serve objections to the form of the document, setting forth the grounds thereof. A proposed alternative form of order so labeled, shall be lodged with the objections. A courtesy copy of the objection and proposed alternative form of order shall be delivered to chambers upon filing. The failure to file timely objections shall be deemed a waiver of any defects in the form of the document.

(5) Endorsement of Counsel. Except as provided herein with respect to unopposed orders, unless the court otherwise directs, no document governed by this Local Bankruptcy Rule will be signed by the judge unless either opposing counsel shall have endorsed thereon an approval as to form, or shall have stipulated thereto on the record at the hearing, or the time for objection to the form of the order has expired. If it finds the ends of justice so requires, the court may conduct a hearing on the proper form of the document, or decide the objections without a hearing.

LBR 9021-1

(6) Unopposed Orders. Notwithstanding the preceding paragraphs, if no opposition has been made by a party or counsel at the hearing, the non-opposing party will be deemed to have waived any objection to the form of the order. The court may sign an unopposed order at the hearing or immediately upon its lodging with the clerk without waiting for the objection period to expire.

(7) Signing of Orders for Absent Judges. Except as otherwise provided by F.R.Civ.P. 63, application for any order on a case or proceeding shall be made to the judge to whom the case is assigned. If the judge to whom the case or proceeding is assigned is not available and there is an emergency necessitating an order, the judge's courtroom deputy shall be consulted to determine whether a judge of this court has been designated to handle matters in the absence of the assigned judge. If a designation has been made, the application shall be presented to the designated judge. If no designation has been made, then the matter shall be presented to the duty judge, or in his or her absence, to any other available judge. If no emergency exists, the application will be held by the assigned judge's courtroom deputy until the assigned judge is available. Any judge may sign an order for another judge.

(8) Obtaining Certified Copies of Order or Judgments. Payment for certified copies of orders or judgments shall be made to the cashier in the clerk's office. No checks will be accepted in the courtroom or by courtroom deputies. If a certified copy of a stipulated or default order is desired, the order or judgment may either be presented in the courtroom together with a clerk's receipt showing prepayment of the certification fee, or else the certified copy may be requested from the clerk's office after the order has been signed and entered.

(9) Relief From Stay Orders to Proceed in Another Forum. If the court grants an order to lift the automatic stay and to proceed in another forum, the prevailing party shall file a copy of that order in that forum.

(b) **ENTRY OF JUDGMENTS AND ORDERS**

(1) Timing of Taxation of Costs. Entry of judgment shall not be delayed pending taxation of costs to be included therein pursuant to Local Bankruptcy Rule 7054-1. A blank space shall be left in the form of judgment for insertion of costs by the clerk after they have been taxed.

(2) Calculation of Interest. If interest is accruing or will accrue on any judgment, decree or order, the party preparing the proposed form of judgment, decree or order shall indicate by memorandum attached thereto the applicable interest rate as computed under 28 U.S.C. § 1961(a) or 26 U.S.C. § 6621 and the amount of interest to be added for each day the document remains unsigned.

FILED APR 14 2005

ENTERED APR 15 2005

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

In re:

DEBBIE NASH,

Alleged Debtor.

) BK. LA05-13571BR
) CH. 7
)
) ORDER DENYING AMENDING PETITION
) TO CHAPTER 11; DENYING APPLICATION
) FOR STAY; DENYING REQUEST TO COMPEL
)
)

These matters are before the Court:

(1). First amended 11 U.S.C. Section 303 petition to chapter 11 (filed on March 22, 2005);

(2). Application for a stay of this Court "Oral" Order(s) issued in open Court regarding items #5, 6, 7, on the docket pending appeal(s) for cause (filed on March 24, 2005);

(3). Ex parte request that this Court Compel any Proposed Order(s) issued from hearing #6 and #5 on the docket comply with Local Bankruptcy Rule 9021-1 or be subject to case law that governs such actions (filed on March 25, 2005);

Good cause having not been shown, the above matters are denied.

IT IS SO ORDERED.

DATED: 4/14/05

BARRY RUSSELL
U.S. BANKRUPTCY JUDGE

CERTIFICATE OF SERVICE

I certify that this order was mailed to the below named parties on APR 15 2005.

OFFICE OF UNITED STATES TRUSTEE
ERNST & YOUNG PLAZA
725 SOUTH FIGUEROA STREET 26TH FLOOR
LOS ANGELES, CA 90017

DAVIS/WARREN
6230A WILSHIRE BLVD
LOS ANGELES, CA 90048

HERBERT DAVIS, ESQ.
18653 VENTURA BLVD #335
TARZANA, CA 91356

DEBBIE NASH
1948 SHENNANDOAH #3
LOS ANGELES, CA 90034

ROBBIE BROWN
P.O. BOX 19291
LOS ANGELES, CA 90301

ST. JOHN APPRAISAL SERVICE
810 WALNUT AVE
INGLEWOOD, CA 90301

DATE: APR 15 2005

BY: MARIA P. MENDOZA
DEPUTY CLERK